# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1381 | **DATE** | 12/9/2002 |
| **CASE TITLE** | Ruff vs. Guardsmark, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] The court denies Guardsmark's motion to dismiss [#6-1] with respect to Counts I and III. The motion to dismiss Count II is granted with prejudice. Counts IV and V are dismissed without prejudice and with leave to replead. Plaintiff is given until Friday, December 20, 2002 to file an amended complaint. If he does not file by that date, then the dismissal herein shall become a dismissal with prejudice as to Counts IV and V.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | DEC 1 0 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | 11 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | 12/9/2002 date mailed notice | |
| MD | courtroom deputy's initials | 02 DEC -9 PM 4:08 OT 03-0371J Date/time received in central Clerk's Office | MD mailing deputy initials | |

MARCUS A. RUFF )
)
Plaintiff, )
)
vs. ) No. 02 C 1381
) Judge Joan H. Lefkow
GUARDSMARK, INC., )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Marcus A. Ruff ("Ruff"), alleges in Counts I-III of his seven-count complaint that defendant, Guardsmark, Inc. ("Guardsmark"), violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, by discriminating against him on account of race (African-American) and retaliating against him for exercising protected rights. Ruff further alleges that Guardsmark improperly denied him leave under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et seq.* (Count IV); that Guardsmark owes him unpaid overtime wages pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*, and the Illinois Minimum Wage Act, 820 ILCS 105/1 *et seq.*, (Count V) and pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* (Count VI); and that Guardsmark violated the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, by failing to provide Ruff with notice of his eligibility for continuation of health insurance after his termination (Count VII). Jurisdiction is proper for Ruff's federal claims under 29 U.S.C. §§ 219(b), 1132(e) and 2617(a)(2) and 42 U.S.C. § 2000e5-(f)(3).

Guardsmark moves to dismiss Counts I, II, III and IV pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. Ruff concedes in his response brief that he has not properly pled his FMLA claim under Count IV and requests leave to amend his complaint. Further, Ruff fails to properly plead jurisdiction for his state law claims under Count V. Count V is not based on diversity jurisdiction because, although Ruff alleges that the parties are citizens of different states, he does not allege that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Moreover, Count V does not allege supplemental jurisdiction under 28 U.S.C. § 1367. The court, therefore, will dismiss Counts IV and V without prejudice and grant Ruff leave to amend his complaint. According to Guardsmark's motion to dismiss, the court will deny Guardsmark's motion to dismiss with respect to Counts I and III but will dismiss Count II with prejudice.

## MOTION TO DISMISS STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *General Elec. Capital Corp.* v. *Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). Dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley* v. *Gibson*, 355 U.S. 41, 45-46 (1957); *Kennedy* v. *Nat'l Juvenile Det. Assoc.*, 187 F.3d 690, 695 (7th Cir. 1999). In ruling on a motion to dismiss, the court accepts as true all well-pleaded facts alleged in the complaint, and it draws all reasonable inferences from those facts in the plaintiff's favor. *Dixon* v. *Page*, 291 F.3d 485, 486 (7th Cir. 2002); *Jackson* v. *E.J. Brach Corp.*, 176 F.3d 971, 977 (7th Cir. 1999).

## FACTS

According to Ruff's complaint, taken as true for purposes of this motion, Ruff began working for Guardsmark on September 27, 1999 as a supervisor. Although Ruff alleges no facts as to what he specifically did as a supervisor, Guardsmark states that Ruff was a "full-time security officer." (Def. Mot. at 1.)[1] Ruff performed his work satisfactorily and was not disciplined by Guardsmark.

At some unspecified point, Guardsmark assigned Ruff to work at Goldman Sachs, one of Guardsmark's clients. While at Goldman Sachs, Ruff reported incidents of racial harassment against him to his supervisor, Paul Halm ("Halm"). Halm did not investigate these allegations of harassment. Ruff continued to be subjected to racially-motivated derogatory comments.

On May 15, 2001, Guardsmark "terminated" Ruff's assignment at Goldman Sachs. (Compl. ¶ 15.) Guardsmark did not assign Ruff to a new client until June 4, 2001. On June 13, 2001, Guardsmark terminated Ruff altogether for "leaving his post," although Ruff alleges that he "was simply on break and reported his departure from his post to his supervisor." (*Id.*)

---

[1]Guardsmark offers facts and materials in its motion that are not included in Ruff's complaint, such as Ruff's job title and why Ruff was terminated and also attaches Ruff's charge against Goldman Sachs, a client of Guardsmark, cross-filed with the Illinois Department of Human Rights ("IDHR") and Equal Employment Opportunity Commission ("EEOC"). If matters outside of the pleadings are included in a 12(b)(6) motion they must be either expressly rejected, or the motion must be converted into a motion for summary judgment. *See Travel All Over The World, Inc.* v. *Kingdom of Saudi Arabia*, 73 F.3d 1423, 1430 (7th Cir. 1996). Any exhibits attached to a complaint, as well as documents attached to a motion to dismiss that are referred to in a complaint and central to a plaintiff's claim, are considered as part of the pleadings. *See Wright* v. *Assoc. Ins. Co.*, 29 F.3d.1244, 1248 (7th Cir. 1994), citing *Venture Assoc.* v. *Zenith Data Sys.*, 987 F.2d 429, 431 (7th Cir. 1993).

Although Ruff's job title is evidence, it is not relevant to the disposition of the Rule 12(b)(6) motion and serves only to provide background information. The additional facts concerning why Ruff was terminated, however, will not be discussed in the court's analysis of Guardsmark's motion. As for the IDHR/EEOC charge against Goldman Sachs, Ruff briefly refers to that charge in his complaint and in his charge against Guardsmark. The court, therefore, will refer to the charge against Goldman Sachs where necessary.

3

On or about June 20, 2001, Ruff filed a charge of race discrimination with the Illinois Department of Human Rights ("IDHR"), which was cross-filed with the Equal Employment Opportunity Commission ("EEOC"). Ruff attaches this charge to his complaint as Exhibit A. On or about October 2, 2001, Ruff filed an amended charge of race discrimination and retaliation with the IDHR, which was cross-filed with the EEOC.[2]

According to Ruff's "amended" charge against Guardsmark, Ruff alleges:

I. A. ISSUE/BASIS
   1. DISCHARGED ON JUNE 13, 2001, BECAUSE OF MY RACE, BLACK

   B. PRIMA FACIE ALLEGATIONS
   1. My race is black

   2. My job performance as a rover lobby met Respondent's standards. I was hired on June 4, 2001.

   3. On June 13, 2001, I was discharged. The reason given for the discharge was for abandonment of my post.

   4. Similarly situated employees, Audrey Johnson, Brandee James & Muhammad Saladdin (all non-black), have abandoned their posts and they were not discharged.

II. A. ISSUE/BASIS
   1. DISCHARGED ON JUNE 13, 2001 IN RETALIATION FOR HAVING FILED A PREVIOUS CHARGE OF DISCRIMINATION

   B. PRIMA FACIE ALLEGATIONS
   1. On June 12, 2001, I filed a charge of discrimination against Goldman Sachs (2001CA2837) who is a client of my former employer. The charge alleged discrimination based on race, age and retaliation.

   2. On the same day, I was asked by my supervisor, Lisa Galazk [("Galazk")] about what I had been doing at the [IDHR]. I told her it was personal and Ms. Galazk responded that as my supervisor, I was supposed to tell her.

---

[2] Ruff alleges he attached this amended charge to his complaint as Exhibit B but it appears to be the second page to Exhibit A.

4

> 3. On June 13, 2001, I was discharged.
>
> 4. The reason for my discharge is untrue and I have witnesses who can verify that fact.

(Pl. Ex. A.) On January 31, 2002, the EEOC issued Ruff a "Notice of Right to Sue." (Pl. Ex. B.) On February 26, 2002, Ruff filed the instant complaint. Count I alleges disparate treatment in plaintiff's discharge from employment. Count II alleges retaliation based on plaintiff's reporting race harassment that occurred while plaintiff was assigned to Goldman Sachs, and Count III alleges retaliation for plaintiff's filing a charge against Guardsmark's client, Goldman Sachs.

## DISCUSSION

Guardsmark, relying on *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500-01 (7th Cir. 1994), argues that Ruff's complaint is not "like or reasonably related to" the underlying charge against it. In particular, the complaint alleges discrimination based on his reports of racial harassment to Guardsmark's Halm at Goldman Sachs and Halm's failure to investigate these reports, but that conduct is not contained in the charge. (*Compare* Compl. ¶¶ 14, 20, 22-23 *with* Pl. Ex. A.) Rather, Guardsmark points out, these allegations are contained in Ruff's charge against Goldman Sachs. Ruff responds that the allegations concerning Halm are sufficiently related to his charge against Guardsmark to withstand the "like or reasonably related" test, and the facts may be further developed during discovery. Ruff excuses his failure to include these allegations in his charge due to the "canned formula" that he had to use to phrase his charge.

A Title VII plaintiff may not bring claims in a lawsuit that were not included in his EEOC charge. *Cheek*, 31 F.3d at 500. As the Seventh Circuit elaborated in *Haugerud v. Amery Sch. Dist.*,

> "[A] Title VII plaintiff may bring only those claims that were included in her EEOC charge, or that are like or reasonably related to the allegations of the

5

> charge and growing out of such allegations." *McKenzie v. Ill. Dep't. of Transp.*, 92 F.3d 473, 481 (7th Cir. 1996) (internal quotation and citations omitted). "The claims are not alike or reasonably related unless there is a factual relationship between them. This means that the EEOC charge and the complaint must, at minimum, describe the same conduct and implicate the *same individuals.*" *Cheek*[, 31 F.3d at 501].

259 F.3d 678, 689 (7th Cir. 2001) (emphasis in original). These standards serve the dual purposes of permitting the EEOC to investigate claims, so that there will be an opportunity before the plaintiff files suit "to settle the dispute through conference, conciliation and persuasion" and of giving the employer "some warning of the conduct about which the employee is aggrieved." *Cheek*, 31 F.3d at 500. Nonetheless, because most EEOC charges are completed by lay persons rather than by lawyers, a Title VII plaintiff need not allege in an EEOC charge "each and every fact that combines to form the basis of each claim." *Taylor v. W. & S. Life Ins. Co.*, 966 F.2d 1188, 1195 (7th Cir. 1992), citing *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir. 1976).

Here, because Guardsmark and Goldman Sachs are unrelated entities, there is no reason why notice of the Goldman Sachs charge would become known to Guardsmark so as to invoke the conciliation purposes underlying the administrative procedures. *See Schnellbaecher v. Basking Clothing Co.*, 887 F.2d 124, 127 (7th Cir. 1989), quoting *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 905 (7th Cir. 1981) (Acknowledging an exception to the general rule that "[o]rdinarily, a party not named in an EEOC charge may not be sued under Title VII[,]" where "an unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance."). Fairly read, Count I addresses Ruff's discharge by Guardsmark and the underlying charge likewise concerns the same matter.

6

Ruff may prove that Guardsmark failed to investigate racial harassment at Goldman Sachs to establish racial bias or insensitivity, which may go towards whether Guardsmark's proffered reason for Ruff's discharge is pretext, but the allegation is neither a claim upon which relief may be granted nor a basis for dismissing Count I. *Cf. Taylor*, 966 F.2d at 1196 (reasoning that the lower court was correct in allowing facts not included in the EEOC charge to come in as background evidence). Therefore, Count I will not be dismissed. Likewise, the claim in Count III concerns alleged retaliation by Guardsmark against Ruff because he filed a charge against Guardsmark's client, Goldman Sachs. This conduct is plainly alleged in the charge and, therefore, Count III will not be dismissed.

Guardsmark is, however, persuasive in its argument that the retaliation claim alleged in Count II is not like or reasonably related to his charge. Count II seems to claim retaliation (Ruff was fired) after he reported to Halm that someone at Goldman Sachs had racially harassed him. This conduct is not alleged in the charge against Guardsmark. Again, the conduct may be evidence of discriminatory motive in Count I or Count III but the retaliation claim of Count II is not "like or reasonably related to" the charge against Guardsmark. Moreover, Ruff's argument that he did not include these allegations in his charge against Guardsmark due to a "canned formula" lacks merit because Ruff was able to include these allegations in his charge against Goldman Sachs. Finally, that the facts can be developed during discovery is a truism, but it begs the question whether the complaint is like or related to the charge. Thus, the court will grant Guardsmark's motion to dismiss Count II.

## ORDER

For the reasons set forth above, the court denies Guardsmark's motion to dismiss [#6-1] with respect to Counts I and III. The motion to dismiss Count II is granted with prejudice. Counts IV and V are dismissed without prejudice and with leave to replead. Plaintiff is given until Friday, December 20, 2002 to file an amended complaint. If he does not file by that date, then the dismissal herein shall become a dismissal with prejudice as to Counts IV and V.

ENTER: /s/ Joan H. Lefkow
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: December 9, 2002

8